UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PATTERSON, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | 3:05-cv-003 RLY-WGH |
| ) | | |
| TOYOTA MOTOR MANUFACTURING, ) | | |
| INDIANA, INC., ) | | |
| Defendant. ) | | |

**ENTRY ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Plaintiff Christopher Patterson ("Patterson") filed his complaint against Defendant Toyota Motor Manufacturing, Indiana, Inc. ("Toyota") in this court on January 6, 2005. Patterson was employed by Toyota from March 24, 2003 until July 16, 2004, at the Princeton, Indiana Toyota plant. (Complaint at 2). He was terminated after taking FMLA leave. (*Id.*). Patterson's complaint includes a Family Medical Leave Act ("FMLA") claim, a state common law claim, and a federal common law claim.

The matter is now before the court on Toyota's Motion for Partial Dismissal. In its Motion, Toyota argues that the state and federal common law claims should be dismissed, as should Patterson's claim for punitive damages. For the following reasons, Toyota's Motion for Partial Dismissal is **granted** in its entirety.

**I.      Motion to Dismiss Standard**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the court examines the sufficiency of the complaint, not the merits of the lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). In accordance with this standard, the facts outlined above are accepted as Patterson alleges them.

**II.     Analysis**

As a preliminary matter, the court notes that in his response to Toyota's Motion to Dismiss, Patterson did not address Toyota's argument that the federal common law claim and the claim for punitive damages should be dismissed. Consequently, the court finds that those points have been conceded by Patterson, and the remainder of this Entry will solely address the state common law claim. *See* Federal Rule of Civil Procedure 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); *see also, e.g., Shakman v. Democratic Organization of Cook County*, 533 F.2d 344, 352 (7th Cir. 1976).

Indiana generally abides by the doctrine of employment-at-will. Patterson accurately argues that a public policy-based exception to this general rule is made for employees who are discharged for exercising statutorily conferred rights, such as those conferred by the FMLA. *See*, *e.g.*, *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 502-03 (7th Cir. 1999); *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973). However, the exception only applies – that is, a state law cause of action only arises – when the statute that creates the right does not also create a remedy. *Groce*, 193 F.3d at 502; *Combs v. Indiana Gaming Company, LP*, 2000 WL 1716452, *2 (S.D. Ind. 2000) (Hamilton, J.) (explaining that "[i]n essence, where the legislature has spelled out the public policy and the remedy, the remedy is part of the public policy, and it does not need a common law supplement").

The FMLA creates a remedy by providing a private cause of action for employees who claim FLMA rights violations. 29 U.S.C. § 2617(a); *see King v. Preferred Technical Group*, 166 F.3d 887 (7th Cir. 1999). Under the FMLA, employees can recover lost wages and benefits, liquidated damages, and attorney fees, but not punitive damages. 29 U.S.C. § 2617(a)(2); *see*, *e.g.*, *Coleman v. Ptomac Electric Power Co.*, 281 F.Supp. 2d 250, 254 (D.D.C. 2003) (*aff'd*, 2004 WL 234814) (D.C.Cir. 2004). Since remedies are provided for by the FMLA, Patterson's Indiana common law claim is not cognizable.

### III.   Conclusion

For the foregoing reasons, Toyota's Motion for Partial Dismissal is **granted**.

Patterson's federal and state common law claims and his demand for punitive damages are hereby **dismissed with prejudice**.

    **It is so ordered** this 6th day of June 2005.

                                       RICHARD L. YOUNG, JUDGE
                                       United States District Court
                                       Southern District of Indiana

Electronic Copies to:

Robert A. Cooley
COOLEY & TULLIS
rcooley446@aol.com

Jeffrey A. Savarise
GREENBAUM DOLL & MCDONALD
jas@gdm.com

Jerry D. Stilwell
BAMBERGER FOREMAN OSWALD & HAHN
jstilwell@bamberger.com

John W. Tullis
johntlaw@bellsouth.net